UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN HENRY BROWN,

                Petitioner,

vs.                        Case No.  2:10-cv-304-FtM-29DNF

SECRETARY, DOC,

                Respondent.

_____

**OPINION AND ORDER**

**I. Status**

John Henry Brown (hereinafter "Petitioner" or "Brown"), who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on May 10, 2010.[1]  Petitioner challenges his judgment of conviction after a jury trial of robbery with a deadly weapon, which was reduced to robbery with a weapon, entered in the Twentieth Judicial Circuit Court, Lee County, Florida.  Petition at 1.  Respondent filed a Response to the Petition (Doc. #1, Response), and attached exhibits in support (Doc. #21, Vol. I-III, Exhs. 1-21).  This matter is ripe for review.

---

[1] The Petition was filed in this Court on May 11, 2010; however, the Petition is considered filed when delivered to prison authorities for mailing and, absent evidence to the contrary, is assumed to be the date the inmate signed the document.  <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).

## II.   Procedural History

### A.   Trial and Direct Appeal

Brown was found guilty after a jury trial of robbery with a deadly weapon in case number 05-18815.  Exh. 1, Vol. I at 20. Pursuant to a stipulation between Brown and the prosecutor reached prior to the jury's verdict, Brown was adjudicated guilty of the lesser offense of robbery with a weapon.  Exh. 3 at 1 (citing Exh. at 488-90).  Brown was sentenced to 30 years in prison as a prison releasee reoffender.  Vol. II at 36-37.  Brown appealed, Exh. 2, and on August 1, 2007, the state appellate court affirmed without written decision in case no. 2D06-2174.  Exh. 4; Brown v. State, 961 So. 2d 943 (Fla. 2d DCA 2007)[table].  Brown did not seek rehearing.  Although Brown obtained an extension of time to take *certiorari* until December 1, 2007, he did not file a petition for writ of *certiorari* in the United States Supreme Court.  Exh. 5B; Petition at 2.

### B.   Rule 3.850 Motion

Brown filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  Exh. 6.  After securing a response from the state and Brown's reply, Exh. 8, the postconviction court denied the rule 3.850 motion without an evidentiary hearing.  Exh. 10.  Brown appealed the summary denial, Exh. 11, and on March 17, 2010, the state appellate court *per curiam* affirmed without written decision.  Exh. 12,  Brown v.

-2-

State, 30 So. 3d 499 (Fla. 2d DCA 2010)[table].  Mandate issued
April 12, 2010.  Exh. 13.

### C.  Rule 3.800 Motion

Brown filed a pro se motion to correct illegal sentence  under
Florida  Rule  of  Criminal  Procedure  3.800(a).   Exh. 15.   Upon
obtaining  a  response  from  the  state  and  Brown's  reply,  Exh. 17,
the postconviction court denied the rule 3.800(a) motion.  Exh. 18.
At the time the Response was filed, Brown was pursuing an appeal of
the order of denial.  Response at 3.

### III.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

This  Court  has  carefully  reviewed  the  record  and,  for  the
reasons  set  forth  below,  concludes  no  evidentiary  proceedings  are
required  in  this  Court.   Schriro v. Landrigan, 550 U.S. 465, 127 S.
Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence
that  would  require  an  evidentiary  hearing,  Chandler v. McDonough,
471  F.3d  1360  (11th  Cir.  2006),  and  the  Court  finds  that  the
pertinent  facts  of  the  case  are  fully  developed  in  the  record
before  the  Court,  Schriro, 127 S. Ct. at 1940; Turner v. Crosby,
339 F.3d 1247, 1275 (11th Cir. 2003).

Petitioner filed his timely[2] Petition after the effective date
of  the  Antiterrorism  and  Effective  Death  Penalty  Act  of  1996

---

[2]Respondent concedes that the Petition is timely filed, and the
Court agrees.

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). <u>Abdul-Kabir v. Quarterman</u>, 550 U.S. 233, 246 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001). Consequently, post-AEDPA law governs this action. <u>Abdul-Kabir v. Quarterman</u>, 127 S. Ct. 1654, 1664 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001); <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>Cullen v. Pinholster</u>, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." <u>Id.</u> (internal quotations and citations omitted). <u>See also</u> <u>Harrington v. Richter</u>, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." <u>Childers v. Floyd</u>, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus,

a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, __ , 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th

Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

**B.  Federal Claim Must Be Exhausted in State Court**

Ordinally, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" Walker v. Martin, ____ U.S.

____, 131 S. Ct. 1120, 1127 (2011)(quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) and <u>Castile v. Peoples</u>, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1983). A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995)(per curiam). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting <u>Kelley v.</u>

<u>Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." <u>Smith</u>, 256 F.3d at 1138.  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.  <u>House v. Bell</u>, 547 U.S. 518, 536-37 (2006); <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008). In <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to <u>Strickland</u>. <u>Id</u>. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to

say that the prisoner must demonstrate that the claim has some merit." Id. Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted).  It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.  Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something

different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"  <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)).

### IV.  Findings of Fact and Conclusions of Law

#### A.  Ground One

In Ground One, Petitioner alleges a violation of a his Due Process Rights under the Fifth and Fourteenth Amendments of the United States Constitution when the trial court denied his motion for judgment notwithstanding the verdict on the lesser included offense of simple robbery.  Petition at 3-4.  Petitioner takes issue with the fact that, although the jury marked on the verdict form that he was guilty of robbery with a deadly weapon, the jury did not also specifically check on the verdict form that they found he carried a firearm.  <u>Id.</u> at 4.  Petitioner claims that the only weapon "associated with the case purported to be a deadly weapon was a BB gun."  <u>Id.</u>  Petitioner claims he stands convicted of an uncharged crime.  <u>Id.</u>

In Response, Respondents point out that during a charge conference before the jury retired to deliberate, Brown and the prosecutor stipulated that should the jury find him guilty of robbery with a "deadly weapon," Brown would be adjudicated guilty of the lesser offense of robbery with a "weapon."  Accordingly, when the jury found Petitioner guilty of robbery with a deadly

weapon, Petitioner was adjudicated guilty of the lesser offense of robbery with a weapon.  Based on the foregoing, Respondents argue that Petitioner waived his Due Process claim concerning the lesser offense.  Id. at 9.  In the alternative, Respondents argue Ground One is unexhausted and procedurally defaulted because Petitioner failed to raise the federal constitutional dimension of this ground in a timely manner at the trial court and on direct appeal, instead only raising the claim in terms of State law.  Id. at 9-14. Respondents additionally turn to the merits and argue that there was sufficient evidence presented to the jury supporting the finding that Petitioner used a gun in the commission of the robbery.  Id. at 17-18.

A review of the record reveals that Ground One is unexhausted and procedurally defaulted because Petitioner did not fairly present the federal constitutional dimension of this claim on direct appeal.  On direct appeal, Petitioner, through appellate counsel, framed his issue as one of trial court error under Florida law only.  See generally Exh. 2.  Petitioner cited to only Florida case law dealing with how a weapon is defined under Florida law, arguing that the evidence was insufficient under Florida law to sustain the conviction for robbery with a weapon.  Petitioner never argued that the error amounted to a deprivation of either the Fifth or the Fourteenth Amendments to the United States Constitution. Thus, Petitioner did not satisfy the exhaustion requirement and would now be procedurally barred under Florida law from raising a

federal claim before the State court.  <u>Sullivan v. Wainwright</u>, 695 F.2d 1306, 1310 (11th Cir. 1983)(claims that should have been raised on direct appeal and were not are procedurally barred). Petitioner does not establish an exception to the exhaustion requirement: that cause for the procedural default exists,[3] that actual prejudice results from the procedural default, or that review is necessary to correct a fundamental miscarriage of justice.  Consequently, Ground One is dismissed as procedurally defaulted.

Alternatively, the Court finds that Petitioner has not demonstrated that he is entitled to relief on the merits of his claim.  Here the record shows that, prior to the jury returning a verdict, the parties stipulated that if the jury found Petitioner guilty of robbery with a deadly weapon, then the court would adjudicate Brown guilty of robbery with a weapon.  Vol. VII at 488-89.  A review of the verdict form shows that the jurors would not have specifically placed a check mark near "firearm," unless they found Brown guilty of either robbery with a firearm, or aggravated assault.  <u>See</u> Exh. 10 (copy of verdict form).  In denying Brown's motion notwithstanding the verdict, the trial court determined:

> All right.  Well, as far as the argument that the jury must have found Mr. Brown guilty of robbery with a deadly

---

[3]Moreover, Petitioner would be procedurally barred from any cause allegation because of the two-year time limitation of Rule 3.850, <u>Whiddon v. Dugger</u>, 894 F.2d 1266 (11th Cir. 1990)(recognizing and applying two-year bar of Rule 3.850), as well as Florida's successive petition doctrine, <u>Zeigler v. State</u>, 632 So. 2d 48, 51 (Fla. 1993).

weapon because they believed it was the BB gun that was
the weapon, that's certainly one interpretation, but it's
certainly not the only one and pretty much supposition.
Mr. Galasso suggests that maybe they pardoned it down
from one.  That's a very real possibility and certainly
within the jury's discretion and that's very possible.
It's at least as possible as believing that they found he
had the BB gun.  Whereas, Mr. Galasso pointed out all the
evidence including Mr. Brown's testimony was that he had
in his physical possession the automatic pistol.  It's
just a difference of opinion, but I've got that.  They
might--they could have done a number of things.  I mean,
they might have decided well, nobody came in and said
this firearm would actually fire so, therefore, we don't
think they proved it was a firearm because nobody said it
worked which I don't think is necessary and there was
some testimony about its function, but that's a
possibility and so with all of those possibilities I
don't think there's any way to accept the defense
position that it had to have been that they found he
carried the BB gun, the BB gun is not a deadly weapon,
and, therefore, Mr. Brown should either get a -- get a
conviction down to robbery so I'll deny the motion for
judgment of acquittal or notwithstanding the verdict . .
. . .

Vol. II at 71-72.

The State court's determination is neither contrary to nor an

unreasonable application of federal law.  Nor was the court's

determination an unreasonable application of the facts in light of

the evidence.  In Florida, the purpose of a motion for a directed

verdict, or motion notwithstanding the verdict, is to test the

sufficiency of the evidence.  Mancini v. State, 273 So. 2d 371, 373

(Fla. 1973).  The United States Supreme Court has held when

reviewing an insufficiency of the evidence claim in a habeas

petition, a federal court must determine "whether, after viewing

the evidence in the light most favorable to the prosecution, any

-14-

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 918 (11th Cir. 2009). The court must assume that the jury resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution. Jackson, 443 U.S. at 326; Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001). Additionally, the Court must defer to the judgment of the jury in determining the credibility of the witnesses and in weighing the evidence. See Schlup v. Delp, 513 U.S. 298, 330 (1995); Johnson, 256 F.3d at 1172.

On direct appeal, Petitioner did not dispute that he had used the BB gun. Instead, Petitioner argued that merely because he used the BB gun to perpetrate the robbery does not automatically make it a weapon. In Florida, an unloaded BB gun can qualify as a deadly weapon, and whether a BB gun-loaded or unloaded-is a deadly weapon, i.e. whether it is "likely to produce death or great bodily injury," is a factual question to be answered by the jury in each case. See Dale v. State, 703 So. 2d 1045, 1047 (Fla. 1997). Apparently the jury resolved this factual question in favor of the State.

Moreover, in this case the jury heard testimony about two weapons involved in the robbery-- a BB gun and a Lady Baretta. In pertinent part, evidence was presented at trial showing that

Petitioner robbed Frank Thomas and his passenger, Eric Riley, outside of his Nissan in the early morning hours at a gas station. The jury heard testimony from the gas station clerk who testified that he gave $80 some dollars in change to Frank Thomas after he purchased gas. Vol. IV at 8-9. The gas station clerk did not witness the robbery, but testified that he looked up later and saw Petitioner throw a weapon under the Nissan. Id. at 11-12.

The jury heard testimony from the passenger of the vehicle, Eric Riley, who testified that Petitioner put a gun in the back of Frank Thomas upon returning from the gas station. Id. at 31. Riley testified he heard Petitioner say, "Give it up." Id. at 30-31. Riley described the gun as silver and black and looked like a "40 caliber glock." Id. at 32. Riley explained that Petitioner got into the back seat of the Nissan and left a gun in the backseat of the car. Id. at 34. Riley testified that Petitioner also threw a gun under the car. Id. at 38, 42, 45.

Sergeant Soto, the first officer who arrived at the scene, testified that Riley ran toward her patrol car while screaming "robbery." Id. at 80. Soto testified that she saw Petitioner throw a gun down on the ground and further testified that she recovered a BB gun from the back seat of the Nissan and a Lady Baretta from under Nissan. Id. at 89. Both guns were introduced into evidence. Id.

The jury also heard testimony from Frank Thomas who explained how the whole robbery transpired.  Mr. Thomas testified that when Petitioner approached him, Petitioner showed him only the handle of a gun in his pocket.  Vol. V at 170.  Thomas' testimony corroborated Riley's testimony that Petitioner then entered the back seat of the Nissan and had a gun to Thomas' head while taking a gold bracelet from both himself and Riley, and cash.  Id. at 179-181.  Thomas described the gun as black and gray, Id. at 178, but also testified Petitioner had another smaller gun.  Id. at 181.

Viewing the State's evidence in the light most favorable to the State, it is objectively reasonable to conclude that the State's evidence sufficed for a rational jury to find Petitioner committed the robbery with a weapon for which Brown stands convicted.  Consequently, in the alternative, Ground One is denied on the merits.

**B.  Ground Two**

In Ground Two, Petitioner claims trial counsel rendered ineffective assistance by not striking jurors whom Petitioner asserts were "actually biased."  Petition at 5.  Petitioner faults counsel for not striking the following jurors: McClain, whose grandfather was the Chief of Police "years ago"; Flanigan, who had been a victim of a robbery; and, Corbin, whose son was a homicide detective in Texas.  Id. at 6.  Petitioner also faults counsel for striking the following jurors: Weiner, who had 2 sons employed in

-17-

law enforcement capacities; Wesley, who was a firearm with friends in law enforcement; and, Merrill, a realtor whose father was with the "Auxiliary Police" and a firearms instructor. <u>Id.</u> at 6-7.   As a result, Petitioner claims he was denied his right to an impartial jury and to effective assistance of counsel.   <u>Id.</u> at 5-7.

In Response, Respondents point out that this ground is exhausted only to the extent Petitioner claims ineffective assistance of counsel.  Response at 19.  To the extent Petitioner raises any juror bias claim, however, the ground is unexhausted based on Petitioner's failure to object to the jury selection at trial and then on direct appeal.  With regard to the ineffective assistance of counsel claim, Respondents argue that Petitioner has not shown the State courts' conclusion was an unreasonable application of <u>Strickland</u>.  <u>Id.</u> at 21-27.

As noted above, in order to prove ineffective assistance counsel, Petitioner must prove both that counsel was deficient; and, the deficient performance prejudiced the defense.   "The performance prong always entails a deferential review of counsel's conduct."   <u>Rose v. McNeil</u>, 634 F.3d 1224, 1241 (11th Cir. 2011)(citing <u>Reed v. Sec'y, Fla. Dep't of Corr.</u>, 593 F.3d 1217, 1240 (11th Cir.), <u>cert. denied</u>, ___ U.S. ___, 131 S. Ct. 177, 178 L. Ed. 2d 106 (2010).  <u>See also</u> <u>Premo v. Moore</u>, 562 U.S. ___, 131 S. Ct. 733, 740, 178 L. Ed. 2d 649 (2011) ("Even under *de novo* review, the standard for judging counsel's representation is a most

deferential one."). In evaluating the prejudice prong, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." Id. at 791. The Court need not address both prongs "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . . . ." Rose, 634 at 1242 (quoting Strickland, 466 U.S. at 697).

Initially, the Court notes to the extent Petitioner raises any claim that the jurors were biased *sub judice*, the claim is procedurally barred. The record confirms that Petitioner did not object to the jury selection. See Vol. VI at 427; see also Exh. 10 (noting to extent any juror bias claim is raised, it is procedurally barred). Additionally, Petitioner did not raise a biased juror claim on direct appeal. Exh. 2. Consequently, any juror bias claim is now procedurally defaulted. Harvey v. Dugger, 656 So. 2d 1253 (Fla. 1995)(claims that could have been brought on direct appeal were procedurally barred from bring brought through a collateral attack).

Petitioner's ineffective assistance of counsel claim with respect to selecting jurors is exhausted to the extent raised as his second ground for relief in his rule 3.850 motion. Exh. 6 at 13-22. The post-conviction court denied Petitioner relief on this claim, finding:

As to Ground 2, Defendant claims that counsel was ineffective for choosing a biased jury of crime victims and relatives of law enforcement. Defendant alleges he told counsel he did not want these sorts of people on his jury, and that it was fundamental error to seat them. Defendant specifically takes issue with jurors Merrill and Flanigan as victims of crimes, and jurors Corbin and Merrill as relatives of law enforcement.

The record reflects that counsel had 10 peremptory challenges (T. 11) and used 8 of them (T. 165). The test is whether a juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. See Lusk v. State, 446 So. 2d 1038, 1041 (Fla. 1984); Henry v. State, 756 So. 2d 170 (Fla. 4th DCA 2000). Because a defendant must demonstrate prejudice in a 3.850 proceeding, post-conviction relief based on a lawyer's incompetence with regard to the composition of the jury is reserved for a narrow class where prejudice is apparent from the record, where a biased juror actually served on the jury. Jenkins v. State, 824 So. 2d 977 (Fla. 4th DCA 2002). Juror answers of "I don't think so" when asked if their relationship with law enforcement would enter into their decision making in the case (i.e. T. 88), does not establish such clear bias as required. Aside from Defendant's speculation, there is no evidence that a biased juror served on the jury that convicted Defendant.

Defendant may not use a 3.850 motion as a second appeal on this issue. Jenkins v. State, 824 So. 2d 977 (Fla. 4th DCA 2002). Defendant cannot stand by while an allegedly objectionable juror is seated, then, when his verdict was adverse, claim he is entitled to a new trial. Trotter v. State, 576 So. 2d 691 (Fla. 1990). In order to preserve this issue, Defendant must have objected before the jury was sworn. In fact, the record shows that counsel consulted Defendant during the jury selection, and Defendant stated on the record that he agreed with the jury that was chose. (T. 168). If an objection to a juror's qualifications can be waived by failing to make a timely objection, the error is not a fundamental one. And if a lawyer's "error" regarding a juror's qualifications is not so serious as to be the equivalent of fundamental error, the post-conviction relief is not appropriate. Jenkins v. State, 824 So. 2d 977 (Fla. 4th DCA 2002). Defendant has failed to meet his burden as to

either prong of <u>Strickland</u>.   Accordingly, **Ground 2 is DENIED**.

Exh. 10 at 3-4 (emphasis in original).   The appellate court *per curiam* affirmed.   Exh. 12.

The Court finds the postconviction court's decision was neither contrary to, nor an unreasonable application of <u>Strickland</u>. Nor was the decision an unreasonable application of the facts in light of the evidence presented.   Petitioner claims that counsel was ineffective because he allowed jurors McClain, Flanigan, and Corbin to sit on the jury despite their bias.   Petition at 6.   The Court's review of the *voir dire* transcript reveals that none of these jurors expressed a bias.   All jurors answered in the affirmative that a person is innocent until proven guilty and that they understood the definition of reasonable doubt.   <u>Id.</u> at 384-85. Juror McClain specifically stated that he would not side with the police and acknowledged that some police officers make mistakes or lie.   <u>Id.</u> at 353, 407.   Juror Corbin actually expressed a distrust of "the system" based on her experience with family being charged with crimes, but said she could put her views aside to render a fair and impartial verdict.   <u>Id.</u> at 363.   Juror Flanigan expressly stated that nothing would interfere with him making a fair decision in this case.   <u>Id.</u> at 352.   Petitioner has not shown that defense counsel's failure to strike these jurors was deficient or that it caused him any prejudice.   Consequently, Petitioner has not overcome the strong presumption that counsel acted properly and

that his jury selection decisions were not sound trial strategy. Harvey v. Warden, Union Corr. Inst., 629 F.3d 1228, 1245 (11th Cir. 2011)(discussing ineffective assistance of counsel claim in jury selection); Manning v. State, 373 F. App'x 933, 935 (11th Cir. 2010)(affirming dismissal of ineffective assistance of counsel claim when counsel failed to strike a juror who did in fact express a bias on grounds that petitioner established no prejudice); Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995)(counsel's actions during *voir dire* are presumed to be matters of trial strategy). Accordingly, Petitioner is denied relief on Ground Two.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED, with prejudice**, for the reasons herein.

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. §

2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of May, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-23-